# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD D. HARRIS JR., R10232, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 18-cv-2215-NJR<br>)<br>) |
| DR. SHAH and WEXFORD HEALTH SOURCES, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

## ORDER DISMISSING CASE

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ronald D. Harris, Jr., an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations pertaining to his medical care at Lawrence.[1] The Complaint did not survive screening and was dismissed for failure to state a claim upon which relief may be granted. (Doc. 7). Plaintiff was granted leave to file a First Amended Complaint on or before May 3, 2019. *Id.* He was warned that the case would be dismissed with prejudice if he failed to take any action by that deadline *Id*.

On April 10, 2019, the Court granted an extension, allowing Plaintiff until June 3, 2019 to file a First Amended Complaint. (Doc. 9). Plaintiff missed the extended deadline. At least a week has passed since it expired. He has not requested an extension or filed an amended complaint.

---

[1] Plaintiff's claim pertaining to constitutional violations that allegedly occurred at Stateville Correctional Center were severed into a new action and transferred to the Northern District of Illinois. (Doc. 7).

1

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 7) to file an amended complaint and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b).

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court's Order (Doc. 7) to file a First Amended Complaint and to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because the Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(a)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 6/13/2019**

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**